UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ASHLEY J. MALIN,

    Plaintiff,

v.                                                                                    Case No. 5:24-cv-00519

COLUMBIA DEBT RECOVERY, LLC

d/b/a GENESIS,

    Defendant.

_____/

## COMPLAINT

**NOW COMES** ASHLEY J. MALIN ("Plaintiff"), by and through the undersigned counsel, complaining as to the conduct of COLUMBIA DEBT RECOVERY, LLC doing business as GENESIS ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Credit Reporting Act ("FCRA"), pursuant to 15 U.S.C. § 1681, the Fair Debt Collection Practices Act ("FDCPA"), pursuant to 15 U.S.C. § 1692, and the Florida Consumer Collection Practices Act ("FCCPA"), pursuant to Fla. Stat. § 559.55.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FCRA, the FDCPA and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Plaintiff resides in the Middle District of Florida, Defendant conducts business in the Middle District of Florida and all of the events or omissions giving rise to Plaintiff's claims occurred in this Middle District of Florida.

## PARTIES

5. Plaintiff is a consumer and a natural person over 18-years-of-age who, at all-times relevant, resided in Ocala, Florida.

6. Defendant is a third-party debt collector claiming to provide creditors "the ability to take back control of their delinquent accounts," and that it further provides "forward-thinking, solutions-based services."[1] Defendant is engaged in the business of collecting debts from consumers across the country, including those within the state of Colorado. Defendant is a limited liability company organized and existing under the laws of Washington with its principal place of business located at 906 Southeast Everett Mall Way Suite 301, Everett, Washington, 98208.

---

[1] https://www.genesiscred.com/

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

8. In or around July 2021, Plaintiff commenced a lease agreement with California Community Housing Agency to live at Brio Apartments management by Greystar, located at 546 W. Colorado Ave, Apt. #325 ("property").

9. On July 13, 2022, as per the terms of the lease agreement, Plaintiff's rental period was set to end. Plaintiff was also required to provide a 30-day notice prior to vacating the apartment.

10. On June 4, 2022, Plaintiff provided proper notice to vacate by sending an email to Joseph Quevedo, a Resident Relations Coordinator at Greystar, to his email address, nextonlexbrio@greystar.com.

11. In the email, Plaintiff included the required documentation and a copy of the lease that confirmed the 30-day notice. Both Joseph and his colleague, Julain, confirmed receipt of her notice, and several emails discussing pre-move-out inspections followed, further acknowledging her impending departure from the property.

12. In November 2023, despite fulfilling her lease obligations, Plaintiff began receiving calls from Defendant.

13. On November 9, 2023, Plaintiff received a formal notice from Defendant claiming she owed $2,719 ("subject debt") for the property she rented.

14. Plaintiff promptly contacted Defendant explaining that she had sent a timely notice to vacate the property and did not owe the outstanding amounts. However, Defendant provided her with a different address—275 W. Lexington Drive, Apt. #325, which is a sister complex to Brio Apartments—claiming this was the property she owed for.

15. Plaintiff then told Defendant that she never resided at that address and provided Defendant with all relevant documentation proving her residency and lease compliance with Brio Apartments.

16. Soon thereafter, Plaintiff discovered that Defendant was reporting the subject debt to her consumer credit reports.

17. On April 11, 2024, Plaintiff took the initiative to send formal disputes to Experian, disputing the reporting of the subject debt.

18. Specifically, Plaintiff requested that Defendant review the completeness, accuracy and appropriateness of the subject debt and correct the inaccurately reporting information.

19. Upon information and belief, Defendant received notice of Plaintiff's dispute within five days of Plaintiff initiating the dispute with Experian. *See* 15 U.S.C. § 1681i(a)(2).

20. On April 12, 2024, Plaintiff sent formal disputes to TransUnion, disputing the reporting of the subject debt.

21. Specifically, Plaintiff requested that Defendant review the completeness, accuracy and appropriateness of the subject debt and correct the inaccurate reporting information.

22. Upon information and belief, Defendant received notice of Plaintiff's dispute within five days of Plaintiff initiating the dispute with Transunion. *See* 15 U.S.C. § 1681i(a)(2).

23. On May 1, 2024, Plaintiff sent formal disputes to Equifax, disputing the reporting of the subject debt.

24. Specifically, Plaintiff requested that Defendant review the completeness, accuracy and appropriateness of the subject debt and correct the inaccurate reporting information.

25. Upon information and belief, Defendant received notice of Plaintiff's dispute within five days of Plaintiff initiating the dispute with Equifax. *See* 15 U.S.C. § 1681i(a)(2).

26. Despite the inaccurate reporting of the subject debt, Defendant continued to report the subject debt to Plaintiff's consumer credit reports.

27. Defendant failed to reasonably investigate Plaintiff's claims. In spite of the fact that the subject debt was not owed, Defendant verified the erroneous and misleading subject debt by continuing to report the subject debt to Plaintiff's Experian, TransUnion and Equifax's credit files.

28. Any reasonable investigation by Defendant would have revealed the materially misleading nature of the information on Plaintiff's consumer credit reports.

29. Specifically, Defendant continued to report the subject debt to Plaintiff's Experian, TransUnion and Equifax's credit files, after Plaintiff communicated and notified Experian, TransUnion, Equifax and Defendant that the subject debt was not owed.

30. Plaintiff's credit score experienced a significant decline as a result of the inaccurate reporting on the subject debt by Defendant.

31. To this date, Defendant continues to inaccurately report the subject debt to Plaintiff's Experian, TransUnion and Equifax credit files.

32. The reporting of the subject debt trade line is patently inaccurate, incomplete, and creates a materially misleading impression that Plaintiff is obligated to pay the subject debt, despite the subject debt not being owed.

## IMPACT OF INCORRECT REPORTING ON PLAINTIFF'S CREDIT FILE

33. As of today, Defendant's erroneous reporting continues to paint a false and damaging image of Plaintiff. Defendant has yet to delete its reporting of the subject debt as it was never owed to Defendant and should never have been sent to collections.

34. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to regain a firm foothold on her creditworthiness, credit standing, credit capacity, and her ability to move forward after moving out of her rental unit.

35. The inaccurate and incomplete reporting of subject debt continue to have significant adverse effects on Plaintiff's credit rating because it creates a false

impression that Plaintiff is still obligated to pay the subject debt, rendering Plaintiff a high-risk consumer and damaging her creditworthiness.

36. The inaccurate reporting of the subject debt caused Plaintiff to qualify for a higher interest rate when applying for a mortgage.

37. As a result of the conduct, actions, and inaction of the Defendant, Plaintiff has suffered various types of damages as set forth herein, including specifically, the loss of credit opportunity, time expended meeting with her attorneys, tracking the status of her disputes, monitoring her credit file, and mental and emotional pain and suffering.

38. Due to the conduct of the Defendants, Plaintiff was forced to retain counsel to resolve the erroneous credit reporting.

### COUNT I – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

39. Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and (c).

40. Plaintiff is a "person" as defined by 15 U.S.C. § 1681a(b).

41. Defendant is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. § 1681a(t).

42. At all times relevant, the above-mentioned credit reports were "consumer reports" as the term is defined by § 1681a(d)(1).

43. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Experian, TransUnion, Equifax and Plaintiff.

44. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information, provided by Experian, TransUnion, Equifax and Plaintiff, pursuant to 15 U.S.C. § 1681i(a)(2).

45. Had Defendant reviewed the information provided by Experian, TransUnion, Equifax and Plaintiff, it would have corrected the inaccurate designation of the subject debt, transmitting the correct information to Experian, TransUnion and Equifax. Instead, Defendant wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

46. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the complete results of the investigation or reinvestigation of Plaintiff's dispute with Experian, TransUnion and Equifax.

47. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Experian, TransUnion and Equifax after being put on notice and discovering inaccurate, incomplete, and misleading reporting with respect to the subject debt.

48. Defendant violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information from appearing and reappearing on Plaintiff's credit file.

49. Defendant failed to conduct a reasonable investigation of its reporting of the subject debt, record that the information was disputed, or delete the inaccurate reporting from Plaintiff's credit file within 30 days of receiving notice of Plaintiff's dispute from Experian, TransUnion and Equifax under 15 U.S.C. § 1681i(a)(1).

50. Despite the blatantly obvious errors in Plaintiff's credit file, and Plaintiff's efforts to correct the errors, Defendant did not correct the errors or the trade line to report accurately and completely. Instead, Defendant wrongfully furnished and re-reported the inaccurate, incomplete and misleading information after Plaintiff's dispute to one or more third parties.

51. A reasonable investigation by Defendant would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information continues to be reported in Plaintiff's Experian, TransUnion and Equifax credit files.

52. Had Defendant taken steps to investigate Plaintiff's valid dispute or Experian's, TransUnion's and Equifax's request for investigation, it would have permanently corrected the erroneous, incomplete, and materially misleading credit reporting. Plaintiff provided all relevant information to support her valid dispute in her requests for investigation.

53. By deviating from the standards established by the FCRA, Defendant acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Experian, TransUnion and Equifax.

54. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff ASHLEY J. MALIN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a.    Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b.    An order directing that TransUnion and Equifax immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

    c.    Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

    d.    Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. § 1681n;

    e.    Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. § 1681n;

    f.    Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. § 1681o; and

    g.    Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

55.    Plaintiff is a "consumer" as defined by FDCPA § 1692a(3).

56.    The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

57.    Defendant is a "debt collector" as defined by § 1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and

uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

58. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. § 1692a(6).

59. Defendant used the phone calls to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA § 1692a(2).

60. Defendant used credit reporting to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

61. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

62. Defendant violated 15 U.S.C. §§ 1692e(2), e(8), e(10) and f through its unlawful debt collection practices.

    **a.**    **Violations of FDCPA § 1692e**

63. Defendant violated § 1692e(2) when it misrepresented the character, amount, or legal status of the subject debt. The subject debt was not owed to Defendant as Plaintiff provided sufficient notice to her landlord prior to move out and left with a $0 balance. However, Defendant continued to report the subject debt to Plaintiff's Experian, TransUnion and Equifax credit files. Specifically, Defendant was reporting the subject debt with a balance of $2,803, with a status of "past due," to Plaintiff's Experian, TransUnion and Equifax credit file.

64. Defendant violated § 1692e(8) by threatening and communicating patently false credit information to Experian, TransUnion and Equifax that it knew,

or should have known, to be false by inaccurately reporting of the subject debt. This information was inaccurate and misleading because the subject debt was not owed to Defendant. However, despite the subject debt not being owed, Defendant continued to report the subject debt to Plaintiff's Experian, TransUnion and Equifax credit files.

65. Defendant had actual knowledge that the subject debt was inaccurate because it received notices of Plaintiff's disputes from Plaintiff, Experian, TransUnion and Equifax.

66. Defendant violated § 1692e(10) when it used false representations and/or deceptive means to collect and/or attempt to collect the subject account. By continuing to report the subject debt, Defendant created a materially misleading and false representation that Plaintiff still obligated to pay the subject debt, despite the subject debt not being owed. Moreover, even after Plaintiff disputed the subject debt, Defendant continued to report the subject debt to Plaintiff's Experian, TransUnion and Equifax credit file.

   b. **Violations of FDCPA § 1692f**

67. Defendant violated § 1692f when it used unfair and unconscionable means to collect the subject debt. The subject debt was never owed to Defendant, however, Defendant tried to dragoon Plaintiff into making a payment by reporting the subject debt to her Experian, TransUnion and Equifax credit files and to compel her into believing she is obligated to pay the subject debt.

68. Upon information and belief, Defendant has no system in place to identify and correct collection of debts not owed.

69. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff ASHLEY J. MALIN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

70. Plaintiff is a "debtor" or "consumer" as defined by Fla. Stat. § 559.55(8).

71. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

72. The subject debt is a "consumer debt" as defined under Florida Statute § 559.55(6).

### a. Violations of FCCPA § 559.72(7)

73. A debt collector violates Fla. Stat. § 559.72 (9) when a "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate

or assert the existence of some other legal right when such person knows that the right does not exist."

74. Defendant violated Fla. Stat. § 559.72 (9), when Defendant attempted to collect on the subject debt that it knew was not legitimate. Although Plaintiff never owed the subject debt, Defendant asserted that it had the legal right to collect on the subject debt. Moreover, Defendant communicated to Experian, TransUnion and Equifax that the subject debt was legitimate after Plaintiff disputed the subject debt.

75. As stated above, Plaintiff was harmed by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff ASHLEY J. MALIN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. A judgment in Plaintiff's favor for Defendant's violations of the FCCPA;

b. Enjoin Defendant from further communicating with Plaintiff;

c. Award Plaintiff actual damages in the amount to be determined at trial;

d. Award Plaintiff statutory damages of $1,000.00 pursuant to FCCPA;

e. An award of reasonable attorney's fees and costs pursuant to FCCPA;

f. Any further relief this Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: September 20, 2024                                 Respectfully Submitted,

*/s/ Alexander J. Taylor*
Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com